```
          IN THE UNITED STATES DISTRICT COURT FOR THE
                EASTERN DISTRICT OF VIRGINIA

                      Alexandria Division
```

UNITED STATES OF AMERICA,    )
                             )
                             )
                             )
        v.                   )    1:11cr105 (JCC)
                             )    1:12cv747
                             )
KEVIN GARFIELD RICKS,        )
                             )
     Petitioner.             )
                             )
                             )

## **M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255 [Dkt. 29] ("§ 2255 Motion"), Amended Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255 [Dkt. 31] ("Amended § 2255 Motion"), and Second Amended Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255 [Dkt. 34] ("Second Amended § 2255 Motion").  For the following reasons, the Court will deny Petitioner's motions.

### I.   Background

On March 3, 2011, Petitioner waived indictment and pleaded guilty to a seven-count Criminal Information charging him with six counts of production of child pornography, in violation of 18 U.S.C. § 2251(a), and one count of possession of

child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). [Dkts. 13-17.] Under the terms of the plea agreement, the plea was entered pursuant to Fed. R. Crim. Pro. 11(c)(1)(C) and required the imposition of a 25 year sentenced if accepted by the judge. [Dkt. 16 at 2.] On May 27, 2011, this Court sentenced Petitioner to a term of 300 months' (25 years) imprisonment. [Dkt. 24.] Petitioner did not appeal the judgment of conviction.

On June 6, 2012, this Court received a letter motion, dated May 25, 2012, in which Petitioner requested an extension of time to file a motion pursuant to 28 U.S.C. § 2255. [Dkt. 26.] On June 12, 2012, this Court granted that motion for extension and ordered Petitioner file his motion under § 2255 by July 6, 2012. [Dkt. 27.] In a letter dated June 26, 2012 and received by the Court on July 5, 2012, Petitioner requested a second extension of time to file his motion pursuant to § 2255. [Dkt. 28.] On July 5, 2012, Petitioner filed his first § 2255 motion with prison officials and this Court received that motion on July 10, 2012. [Dkt. 29.] On July 20, 2012, this Court granted Petitioner's second motion for an extension and ordered him to file an amended § 2255 motion by August 20, 2012. [Dkt. 30.] On August 17, 2012, Petitioner filed an amended § 2255 motion with prison officials and this Court received that motion on August 22, 2012. [Dkt. 31.] In a letter motion dated August

13, 2012 and received by this Court on August 22, 2012, Petitioner requested a third extension to file a § 2255 motion. [Dkt. 32.] On August 22, 2012, this Court granted Petitioner's third motion for an extension and ordered him to file an amended § 2255 motion by October 15, 2012. [Dkt. 33.] In an attachment to a letter which was dated October 11, 2012 and received by this Court on October 18, 2012, Petitioner submitted a second amended § 2255 motion which was dated August 20, 2012 and an undated accompanying memorandum of law. [Dkt. 34.] The Government filed its joint opposition on October 23, 2012. [Dkt. 37.]

Petitioner's motions are before the Court.

## II. Standard of Review

Under 28 U.S.C. § 2255, a prisoner in federal custody may collaterally attack his sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. *See Hill v. United States*, 368 U.S. 424, 426–27 (1962). To prevail on a § 2255 Motion, the petitioner bears the burden of proof by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).

### III. Analysis

Under the Antiterrorism and Effective Death Penalty of 1996 ("AEDPA"), a federal district court must dismiss any § 2255 motion that is filed more than one year after the date on which: (1) the judgment of conviction becomes final; (2) the impediment to making a motion, created by unlawful governmental action, is removed and the petitioner was prevented from making a motion by such action; (3) the United States Supreme Court initially recognized the constitutional right asserted, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the facts supporting the claims presented could have been discovered with due diligence. 28 U.S.C. § 2255(f). A petitioner must demonstrate that the petition was timely filed under § 2255 or that his untimely petition may be salvaged by equitable tolling principles. *See Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (confirming that equitable tolling applied to AEDPA's statute of limitations); *United States v. Terrell*, 405 F. App'x 731, 732 (4th Cir. 2010) (applying the holding in *Holland* to § 2255 motions).

In its opposition, the Government argues Petitioner's motions should be dismissed as untimely because they were filed more than one year from the relevant triggering date for the limitations period here: the date on which the judgment of

conviction became final.  If a defendant does not file a direct appeal, his conviction becomes final for purposes of § 2255(f)(1) when the time period for noticing a direct appeal expires.  *See United States v. Johnson*, No. 99-7005, 2000 WL 37753, at *1 (4th Cir. Jan. 19, 2000) (*per curiam*); *Arnette v. U.S.*, No. 4:01-cr-16, 2005 WL 1026711, at *4 (E.D. Va. May 2, 2005); *see also Clay v. United States*, 537 U.S. 522, 525 (2003).  In this case, this Court entered judgment on May 27, 2011.  [Dkt. 24.]  Petitioner had fourteen days from that date to file a notice of appeal, a period which expired on June 10, 2011.  (Fed. R. App. P. 4(b)(1)(A); Fed. R. App. P. 26(a)(1).)  Since Petitioner did not file a direct appeal, his conviction became final for purposes of § 2255(f)(1) on June 10, 2011.  As a result, Petitioner had until June 10, 2012 to file a § 2255 motion.

In this case, Petitioner filed his § 2255 Motion with prison officials on July 5, 2012 [Dkt. 29], his Amended § 2255 Motion on August 17, 2012 [Dkt. 31], and his Second Amended § 2255 Motion on October 11, 2012 [Dkt. 34].  His only filing prior to the deadline of June 10, 2012 was a letter motion for an extension of time, dated May 25, 2012 and received on June 6, 2012, in which he requested that the Court "'hold my place for a 2255 appeal." [Dkt. 26.]  On June 12, 2012, two days *after* the one-year statute of limitations already had run, this Court

5

incorrectly issued an order granting Petitioner's letter motion for an extension of time to file a § 2255 motion.  [Dkt. 27.] That order, however, is void and is an improper advisory opinion as this Court did not have jurisdiction to consider or grant Petitioner's letter motion for an extension of time as (a) it was filed prior to Petitioner filing an actual § 2255 motion and (b) it cannot be construed as a § 2255 motion itself.  Fourth Circuit case law makes clear that a district court "lack[s] jurisdiction to consider the timeliness of a § 2255 petition until the petition itself is filed because a motion for extension of time is not, by itself, a "case or controversy" within the meaning of Article III of the United States Constitution."  *Ramirez v. United States*, 461 F. Supp. 2d 439, 440-41 (E.D. Va. 2006); *United States v. White*, 257 F. App'x 608, 609 (4th Cir. 2007).  Accordingly, in order for a court to have jurisdiction over such a motion for an extension of time, it must be either (a) filed at the same time as, or after, the filing of a petitioner's § 2255 motion, or (b) be able to be construed as a § 2255 motion itself.  *Ramirez*, 461 F. Supp. 2d at 441.

In addition to it being filed prior to the filing of Petitioner's purported § 2255 motions, the Court concludes that it is not appropriate to construe Petitioner's letter motion for an extension of time as a § 2255 motion itself.  Courts have

6

recognized that "where a motion, nominally seeking an extension of time, contains allegations sufficient to support a claim under section 2255, a district court is empowered, and in some instances may be required . . . to treat that motion as a substantive motion for relief." *Ramirez*, 461 F. Supp. 2d at 441 (quoting *Green v. U.S.*, 260 F.3d 78 (2nd Cir. 2001)). A motion under 28 U.S.C. § 2255 must "specify all the grounds for relief available to the moving party" and "state the facts supporting each ground." Rule 2(b), Rules Governing Section 2255 Proceedings for the United States District Courts. A court may dismiss summarily a claim that states only "bald legal conclusions with no supporting factual allegations." *Sanders v. United States*, 373 U.S. 1, 19 (1962).

Here, Petitioner's June 6, 2012 letter motion for an extension of time also sketched out in brief detail a "list of issues, *not* exclusive, which the formal petition will address" and Petitioner characterized this as a "place holder petition" which would "be modified and corrected appropriately." [Dkt. 26.] This list of issues provided little to no facts and did not purport to identify what legal claims arose out of these stated issues. Courts in this district have recognized that "a skeletal Section 2255 motion is inconsistent with the fact pleading requirements of Section 2255 practice and does not stop the statute of limitations applicable to 28 U.S.C. § 2255

motions." *Freeman v. United States*, 3:08CR456, 2010 WL 3155982, at *1 (E.D. Va. Aug. 6, 2010). At the time of filing this letter motion for an extension, Petitioner was not seeking an adjudication on the merits of any claim as he acknowledged that the issued listed therein were not the perfected, finalized, or exclusive statement of claims. Instead, he simply was alerting this Court to some of the possible claims which he purported to intend to raise in a subsequent petition. As a result, the Court finds that Petitioner's June 6, 2012 letter motion for an extension of time could not conceivably have entitled him to any relief. *See Ramirez*, 461 F. Supp. 2d at 441 (finding that a petitioner's motion for extension of time could not be construed as a substantive § 2255 motion because it did not allege a cognizable claim for relief under § 2255 since it "allege[d] little beyond forecasting that a forthcoming § 2255 petition will contain five grounds for relief"). "[T]o conclude that [it] could serve as a 'placeholder' to which future, more specific and detailed claims could relate back would eviscerate the AEDPA's [Antiterrorism and Effective Death Penalty Act of 1996]'s statute of limitations." *Freeman*, 2010 WL 3155982, at *1 (quoting *Payne v. United States*, 8:99CR78T27MSS, 2007 WL 496608, at *6-7 (M.D. Fla. Feb. 12, 2007)). Since it is inappropriate to construe the letter motion for an extension of

time as a § 2255 motion, the Court therefore had no jurisdiction to consider or grant that letter motion's request.[1]

As Petitioner's June 6, 2012 letter motion for an extension of time does not constitute a § 2255 motion, Petitioner "cannot use his motion for extension of time as an anchor to which his untimely petition[s] [filed on July 5, 2012, August 17, 2012, and October 11, 2012] can relate back under Federal Rule of Civil Procedure 15(c)." *Gregory v. Bassett*, CIV.A. 3:07CV790, 2009 WL 455267, at *2 (E.D. Va. Feb. 23, 2009); *see United States v. Pittman*, 209 F.3d 314, 318 (4th Cir. 2000). Accordingly, this Court can recognize Petitioner's claims in his first § 2255 motion, filed on July 5, 2012, as timely only if Petitioner can make the necessary showing that equitable tolling applies to the statutory bar to those claims. *Gregory*, 2009 WL 455267, at *2. In addition, even if equitable tolling applies to his first § 2255 motion, the Court only can consider Petitioner's other claims in his Amended § 2255 Motion

---

[1] The Court notes that Petitioner was not prejudiced by its improper June 12, 2012 Order purporting to grant him an extension because that Order was not entered until after the statute of limitation deadline to file a § 2255 motion already had passed on June 10, 2012. Moreover, even if this Court had had jurisdiction to allow Petitioner to *file* a late § 2255 motion, in any subsequently filed § 2255 motions Petitioner still would be required to justify such motions' untimeliness through a showing sufficient to trigger equitable tolling. As discussed below, Petitioner has failed to show entitlement to equitable tolling.

9

and Second Amended § 2255 Motion if those claims meet the test to relate back to the claims in his first § 2255 motion.[2]

The Court finds, however, that Petitioner has not shown that equitable tolling applies here. The Fourth Circuit has cautioned that "any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). Equitable tolling is appropriate in "'those rare instances where -- due to circumstances external to the party's own conduct -- it would be unconscionable to enforce the limitation against the party.'" *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) (quoting *Harris v. Hutchinson*, 209 F.3d 325, 328 n.1 (4th Cir. 2000)). Accordingly, the Supreme Court has "made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). In order to assert equitable tolling, a petitioner

---

[2] Again, as with the first § 2255 motion, although this Court allowed Petitioner to *file* his Amended § 2255 Motion and Second Amended § 2255 Motion in Orders dated July 20 and August 22, 2012, this Court can address the merits of the claims in those petitions only if Petitioner can show that those claims relate back to earlier claims which were -- or, through equitable tolling, can be viewed as -- timely filed.

"'bears a strong burden to show specific facts' that demonstrate he fulfills both elements of the test." *Smith v. Virginia*, 3:12CV148, 2013 WL 871519, at *3 (E.D. Va. Mar. 8, 2013) (quoting *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008)).

Petitioner's arguments for equitable tolling do not meet this exacting standard. Petitioner argues that he is entitled to equitable tolling due to his transfer between federal and state custody, his inability to take with him to state custody his research and notes which he compiled during his federal custody, and his limited access to federal law books and a computer database due to the transfer. (§ 2255 Motion at 12.) These circumstances, however, amount to no more than the "difficulties inherent in prison life" and "ordinary hardships of a *pro se* inmate filing for collateral relief," which courts in this district have found to be insufficient to demonstrate equitable tolling. *Cadet v. United States*, 3:09-CR-44, 2012 WL 4854381, at *4 (E.D. Va. Oct. 11, 2012); *see Smith*, 2013 WL 871519, at *4; *Allen v. Johnson*, 602 F. Supp. 2d 724, 727-29 (E.D. Va. 2009) (collecting cases). In general, "'[t]ransfers between prison facilities, solitary confinement, lockdowns, restricted access to the law library and an inability to secure court documents do not qualify as extraordinary circumstances.'" *Allen*, 602 F. Supp. 2d at 727-28 (quoting *Warren v. Kelly*, 207 F. Supp. 2d 6, 10 (E.D.N.Y. 2002)). As a result, Petitioner has

not presented the rare and extraordinary circumstances required to warrant equitable tolling. Accordingly, the Court finds that Petitioner's first § 2255 motion is time-barred.

Relatedly, as his first petition is not timely, Petitioner cannot use it as an anchor to relate back his claims in his later amended § 2255 motions. His claims in the Amended § 2255 Motion and Second Amended § 2255 Motion therefore are untimely as well.

## IV. Conclusion

For the foregoing reasons, the Court will deny Petitioner's § 2255 Motion, Amended § 2255 Motion, and Second Amended § 2255 Motion.

An appropriate Order will issue.

|  |  |
|---|---|
| April 25, 2013<br>Alexandria, Virginia | /s/<br>James C. Cacheris<br>UNITED STATES DISTRICT COURT JUDGE |